UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARION GARRISON, an individual,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>CVS PHARMACY, INC., a Rhode Island corporation; GARFIELD BEACH CVS, L.L.C., a Rhode Island corporation; and DOES 1 through 50, inclusive,<br><br>　　　　　　　　　　　Defendants. | Case No.: 20-cv-02450-H-WVG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART THE PARTIES' JOINT MOTION TO COMPEL ARBITRATION**<br><br>[Doc. No. 7.] |

　　　　On November 10, 2020, Plaintiff Darion Garrison filed a complaint against Defendants CVS Pharmacy, Inc. and Garfield Beach CVS, L.L.C. in the Superior Court of the State of California, County of San Diego, alleging a claim for wrongful termination in violation of public policy and several other claims.  (Doc. No. 1-2, Compl.)  On December 16, 2020, Defendants removed the action to the Southern District of California pursuant to 28 U.S.C. § 1441 on the basis of diversity jurisdiction under 28 U.S.C. § 1332.  (Doc. No. 1, Notice of Removal.)  On December 16, 2020, Defendants filed an answer to Plaintiff's complaint.  (Doc. No. 3.)

On January 7, 2021, the parties filed a joint motion requesting: (1) that the Court order the parties to binding arbitration as to all causes of action in Plaintiff's complaint pursuant to the terms of the parties' agreement; and (2) that the Court stay the action pending completion of the arbitration to the extent allowed under federal law. (Doc. No. 7.) In the joint motion, the parties represent that: "The claims asserted by Plaintiff in the operative complaint are claims covered by the [parties'] Agreement, and the Parties have met and conferred and agreed to submit Plaintiff's claims to binding arbitration, pursuant to the terms of the Agreement." (Id. at 2.)

The Federal Arbitration Act ("FAA") permits "[a] party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration [to] petition any United States District Court . . . for an order directing that . . . arbitration proceed in the manner provided for in [the arbitration] agreement." 9 U.S.C. § 4. Upon a showing that a party has failed to comply with a valid arbitration agreement, the district court must issue an order compelling arbitration. KPMG LLP v. Cocchi, 565 U.S. 18, 21 (2011). A party moving to compel arbitration must show "(1) the existence of a valid, written agreement to arbitrate; and, if it exists, (2) that the agreement to arbitrate encompasses the dispute at issue." Ashbey v. Archstone Prop. Mgmt., Inc., 785 F.3d 1320, 1323 (9th Cir. 2015) (citation omitted); see also Knutson v. Sirius XM Radio Inc., 771 F.3d 559, 565 (9th Cir. 2014).

Here, the parties represent that they entered into an agreement "to arbitrate any and all claims arising out of or relating to Plaintiff's employment with CVS or the termination of Plaintiff's employment." (Doc. No. 7 at 2; see Doc. No. 7-1, Ex. A.) The parties further represent that this arbitration agreement covers all the claims asserted by Plaintiff against Defendants in his complaint. (Doc. No. 7 at 2.) Thus, because the parties both claim that a valid arbitration agreement exists that covers the claims at issue in this action, the Court must compel Plaintiff to submit his claims against Defendants to arbitration. See KPMG, 565 U.S. at 21.

The Court now turns to the parties' request to stay the action pending arbitration.

1  Section 3 of the FAA provides the following:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement . . . .

"The Ninth Circuit has held, however, that § 3 does not impose a mandatory duty to stay on district courts. Even when a party seeks a stay under § 3, the court has discretion to dismiss the case if it concludes that all the claims before it are arbitrable." Erickson v. Endurance Am. Specialty Ins. Co., No. 12-CV-01703-H-MDD, 2012 WL 13175882, at *3 (S.D. Cal. Aug. 21, 2012) (citations omitted); see also Johnmohammadi v. Bloomingdale's, Inc., 755 F.3d 1072, 1073-74 (9th Cir. 2014) ("[A] district court may either stay the action or dismiss it outright when . . . the court determines that all of the claims raised in the action are subject to arbitration." (citation omitted)); Thinket Ink Info. Res. v. Sun Microsystems, Inc., 368 F.3d 1053, 1060 (9th Cir. 2004) (affirming dismissal under Rule 12(b)(6) when all claims were subject to arbitration); Delgado v. Ally Fin., Inc., No. 17-CV-02189-BEN-JMA, 2018 WL 2128661, at *6 (S.D. Cal. May 8, 2018) ("Having decided that all of [the] claims are subject to arbitration, the Court is within its discretion to dismiss the complaint under Rule 12(b)(6).").

Here, the parties represent in their joint motion that all of Plaintiff's claims in the complaint are covered by the arbitration agreement. (See Doc. No. 7 at 2.) Therefore, because no claims remain to be litigated in this Court, the Court, in its discretion, dismisses the action. See Johnmohammadi, 755 F.3d at 1073-74; Thinket Ink, 368 F.3d at 1060; Delgado, 2018 WL 2128661, at *6. The parties, of course, are free to move to re-open the case to confirm the arbitration award at the appropriate time.

///
///
///

In sum, the Court grants in part and denies in part the parties' joint motion to compel arbitration and stay the action. Specifically, the Court compels Plaintiff to submit his claims against Defendants in this action to arbitration. The Court subsequently dismisses the action and directs the Clerk to close the case.

**IT IS SO ORDERED.**

DATED: January 8, 2021

*(signature)*
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT